ESTHER E. HOUGH, PLAINTIFF, v. WILLIAM E. OGDEN ET AL., DEFENDANTS.

Submitted January 22, 1926—Decided May 7, 1926.

Conspiracy—To Retain Plaintiff in Hospital for Insane—Verdict for Plaintiff Alleged to be Against Weight of Evidence and Excessive—Held, Not to be Against Weight of Evidence, but to be Excessive and Ordered to be Reduced—Action Against Two Physicians.

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff, Ward & McGinnis.

For the defendants, Mackay & Mackay and Edwards & Smith.

PER CURIAM.

The trial of this case resulted in a verdict of $5,000; under the charge of the trial court this was compensatory damages only.

The defendant obtained a rule to show cause reserving the exceptions taken at the trial. Two reasons are assigned for a new trial—first, because the verdict is contrary to the weight of the evidence; second, because the verdict of the jury is excessive. Our reading of the evidence leads us to the con-

clusion that the verdict is not against the weight of the evidence, but that it is excessive and should be reduced to $3,000. The suit was brought against the defendants and two others charging a conspiracy to have the plaintiff confined in the state hospital for the insane at Morris Plains. The defendants were the physicians who signed the certificate, which is the basis of the suit under *Pamph. L.* 1918, *pp.* 343, 372, §§ 404, 405. The plaintiff was taken from the Bergen county jail on May 14th, 1921, to the hospital at Morris Plains and released and discharged by order of Judge Zabriskie, of the Bergen County Court of Common Pleas, on July 14th, 1921, as not insane. There had been a previous hearing before Vice Chancellor Stevenson on June 7th, although, no adjudication as to her sanity was made, she was released in the custody of her father. She was thus confined twenty-one days. As stated, the verdict is not against the weight of the evidence. There is ample evidence that these defendants failed in the performance of an important and serious duty under the act. *Pamph. L.* 1918, *p.* 372, §§ 404, 405. But as the jury found by their verdict there was no malice, we think a reading of the entire case shows that a verdict of $5,000 is excessive. If the plaintiff will remit the excess, the verdict may stand for $3,000, in which case the rule will be discharged, otherwise it will be made absolute as to damages only.